UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JOHNSON,

    Plaintiff,

Case No. 2:26-cv-62-KCD-NPM

v.

TRACTOR SUPPLY COMPANY,

    Defendant.
_____/

## **ORDER**

This is a trip-and-fall case that started in state court, but Tractor Supply Company removed it here under diversity jurisdiction. (Doc. 1.)[1] For the reasons below, Tractor Supply must supplement the Notice of Removal.

A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must show diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

F.3d 1308, 1310 (11th Cir. 2003). When a complaint does not allege a specific amount of damages, as here (Doc. 1-1 ¶ 1), "the defendant . . . must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

To prove the amount in controversy, Tractor Supply points to a settlement proposal where Plaintiff valued the case at $750,000. (Doc. 1 ¶ 16.) Tractor Supply asserts that because Fla. Stat. § 768.79 requires that the proposal be made in good faith and have a reasonable basis, the jurisdictional minimum is met. (*Id.* ¶¶ 17-18.)

The Court has a copy of the proposal for settlement, but it is boilerplate. (Doc. 1-1.) It offers no details about Plaintiff's injuries. The Court cannot simply conclude that the amount in controversy is met based on an unspecified settlement offer. Further, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" *Lamb v. State Farm Fire Mut. Auto.*

2

*Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010).

The Notice of Removal contains no other factual allegations about the amount in controversy, and the amended complaint offers only a general statement about the alleged injuries. (Doc. 5 ¶ 15.) Such generalized claims do not show that the amount in controversy is likely to exceed $75,000. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). So the pleadings ultimately don't help either.

At bottom, Tractor Supply has not shown "by a preponderance of the evidence" that subject-matter jurisdiction exists. *See Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). To remedy these deficiencies, Tractor Supply must supplement the notice of removal. *See* 28 U.S.C. § 1653.

It is now **ORDERED**:

By **January 30, 2026**, Tractor Supply must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction. **Failure to do so will result in the Court remanding this case without further notice**.

**ENTERED** in Fort Myers, Florida on January 20, 2026.

Kyle C. Dudek
United States District Judge

3