UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JOHNSON,

        Plaintiff,

        v.

Case No. 2:26-cv-62-KCD-NPM

TRACTOR SUPPLY COMPANY,

        Defendant.

_____/

## **ORDER**

Defendant Tractor Supply Company has responded to this Court's show cause order. (Doc. 9.)[1] That order issued a straightforward command: show that diversity jurisdiction exists. (Doc. 7.) Tractor Supply's response is a bold one. Rather than simply providing the evidence of federal jurisdiction that was missing from its notice of removal, Tractor Supply has chosen to lecture the Court on the limits of its power.

Tractor Supply proclaims that this Court is "in error" and "without authority" to inquire into its own jurisdiction. (Doc. 9 at 1.)[2] Apparently, Tractor Supply operates under the delusion that a federal district judge must sit as a passive bystander, powerless to question a conclusory jurisdictional allegation unless a plaintiff bothers to object. Not so. This Court is not a

_____

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Tractor Supply's motion is not paginated. So the Court cites to the page numbers generated by its electronic filing system.

potted plant, and the limited jurisdiction of the federal judiciary is not a sandbox for the parties to play in unsupervised.

## I. Background

The procedural history is brief. Plaintiff David Johnson originally filed this case in state court. Tractor Supply then removed it here, invoking the Court's diversity jurisdiction. (Doc. 1.)

Upon a facial review of the removal notice, the Court found the allegations concerning the amount in controversy lacking. Tractor Supply relied entirely on the face value of Plaintiff's proposal for settlement. (*Id.* at 4-6.) It is well-settled that "a proposal for settlement—standing alone—does not establish the amount in controversy." *Nieter v. Holiday CVS, L.L.C.*, No. 2:25-CV-126-SPC-NPM, 2025 WL 746064, at *1 (M.D. Fla. Feb. 20, 2025). Unwilling to exercise jurisdiction on faith alone, the Court issued a *sua sponte* show cause order, directing Tractor Supply to provide evidence that federal jurisdiction indeed exists.

As mentioned, Tractor Supply has responded. (Doc. 7.) The filing is less a legal brief and more a reprimand. According to Tractor Supply, the Court "inadvertently strayed into error" by raising mere procedural defects—a domain it claims is "specifically reserved by Congress and 11th Circuit precedent to the Parties alone." (Doc. 9 at 1, 16.) Tractor Supply goes so far as to accuse the Court of effectively filing a "sua sponte Motion to Remand" on

Plaintiff's behalf. (*Id.* at 2.) Not done yet, Tractor Supply chastises the Court for applying an "incorrect standard of pleading," insisting that a "short and plain statement" suffices and that the Court cannot demand evidence at this stage. (*Id.* at 2-3.)

As for the merits of the Court's question, Tractor Supply again relies on Plaintiff's proposal for settlement, asserting that this demand constitutes proof that the amount in controversy exceeds $75,000. (*Id.* at 16-20.) Because such offers must be made in "good faith," Tractor Supply explains, the figure demanded serves as a "reasonable basis" for federal jurisdiction. (*Id.* at 17.)

## II. Discussion

Tractor Supply is wrong on every level. It is mistaken regarding the Court's authority to manage its own docket; it is confused regarding the distinction between a procedural defect and a jurisdictional void; and it is incorrect regarding the evidentiary weight of a settlement offer. We tackle these issues in no particular order.

### A. The Show Cause Order

Tractor Supply contends that the sufficiency of a notice of removal is a mere "procedural defect" that, under 28 U.S.C. § 1447(c) and Eleventh Circuit precedent, may only be raised by a party, not the Court. (Doc. 9 at 2.) Put another way, Congress has delegated the policing of removal notices "to the parties alone," leaving the judiciary "without authority to act" unless a

plaintiff files a motion—which, Tractor Supply notes with some satisfaction, is unlikely to happen. (*Id.*)

To be fair, Tractor Supply gets the black-letter law right before applying it wrongly. It is true that a failure to adequately plead the amount in controversy is considered a "procedural defect" rather than a jurisdictional one. *Franz v. Doe*, No. 218CV536FTM38MRM, 2018 WL 4333541, at \*2 (M.D. Fla. Sept. 11, 2018). And it is equally true that a district court cannot remand a case sua sponte based on such a defect. *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320 (11th Cir. 2001).

But that is not what happened here. The Court did not remand the case; it inquired into whether the jurisdictional threshold was actually met. That distinction is everything. While we cannot summarily eject a case for bad pleading, we are not required to accept a notice of removal that rests on thin air. Indeed, the Supreme Court has explicitly recognized this authority. In *Dart Cherokee Basin Operating Co., LLC v. Owens*—a case Tractor Supply cites repeatedly—the Court noted that a defendant's jurisdictional allegations are accepted "when not contested by the plaintiff or *questioned by the court.*" 574 U.S. 81, 82, (2014) (emphasis added). That language assumes the court has the power to question. And that is exactly what happened here. Tractor

4

Supply might have avoided this unforced error had it read the authority it cited with a bit more care.

There is a distinction between summarily kicking a case out of court and asking a party to demonstrate that it belongs there. Federal courts are creatures of limited jurisdiction. We possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, we have an independent obligation to determine whether subject-matter jurisdiction exists, "even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). So when a notice of removal relies on conclusory assertions, the court is entitled—indeed, required—to look behind the curtain. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("We add that our removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction."); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.").

Tractor Supply seemingly confuses the *manner* of getting into court (procedure) with the *right* to be there in the first place (jurisdiction). A failure to plausibly allege the amount in controversy is a failure of substance; it

strikes at the very heart of the limited grant of power this Court possesses. To accept Tractor Supply's reading would turn the removal statute (§ 1446) into a "don't ask, don't tell" policy for federal courts, effectively allowing parties to confer jurisdiction by silence. That is a power Congress has never given to the parties, and it is certainly not one this Court can pretend to possess.

The show cause order here was not an impermissible invasion. It was an invitation to provide the evidence that Tractor Supply was missing from its initial filing. By offering Tractor Supply the chance to cure the jurisdictional defect, the Court did exactly what the law requires. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission[.]"); *see also Raslavich v. Albee Baby Carriage Co.*, No. 8:22-CV-2207-CEH-MRM, 2022 WL 6698826, at \*1 (M.D. Fla. Oct. 11, 2022).

### B. Evidentiary Burden

Tractor Supply's misconception of federal jurisdiction does not end with its challenge to the Court's authority; it extends to the very standard of proof required to remain here. According to Tractor Supply, "only a short, plain statement of the grounds for removal is required." (Doc. 9 at 7.) So the Court

6

erred by requiring proof of "federal jurisdiction by a preponderance of the evidence." (*Id.* at 2.)

This argument confuses the low bar for *filing* a removal notice with the higher burden of *sustaining* it once jurisdiction is questioned. While it is true that a defendant is not required to attach extensive evidence to the initial removal notice, that leniency evaporates the moment the factual allegations are challenged. *See Dart Cherokee Basin*, 574 U.S. at 82.

As mentioned, the Court has an independent obligation to police its own jurisdiction. So when the show cause order was issued, it placed the amount in controversy in dispute. At that procedural moment, the "short and plain statement" standard fell away, and Tractor Supply was required to come forward with actual proof—affidavits, demand letters, or other evidence—to establish jurisdiction by a preponderance of the evidence. *See, e,g.*, *Raslavich*, 2022 WL 6698826, at *1 ("When the court questions the defendant's allegation, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient."); *Signor v. Safeco Ins. Co. of Ill.*, No. 19-61937-CIV, 2019 WL 7911214, at *1 (S.D. Fla. Dec. 11, 2019) ("Ultimately, as the one seeking removal, it is Defendant's burden to demonstrate by a preponderance of the evidence that the amount in controversy has been met.").

**C. Jurisdiction Has Not Been Established**

With the burden properly understood as one of proof rather than pleading, the Court examines what Tractor Supply has actually submitted. The record is devoid of the usual indicia of a high-value claim—there are no medical bills, no life care plans, and no concrete estimates of lost income. In lieu of such hard data, Tractor Supply (again) relies exclusively on Plaintiff's proposal for settlement. (Doc. 9 at 16-19.)

Tractor Supply maintains that because proposals for settlement must be made in "good faith," the figure demanded serves as a "reasonable basis" for federal jurisdiction. (*Id.* at 17.) Tractor Supply further posits that because ethical rules prohibit "puffing and posturing" in court filings, we must assume the demand is an accurate reflection of the case's value. (*Id.*)

This argument is all hat and no cowboy. A settlement demand is a strategic document, not a factual one. It reflects what a plaintiff wants, not necessarily what the law allows him to recover. That a plaintiff demands a king's ransom in "good faith" does not mean a jury could lawfully award it. Good faith in the settlement context merely means the offer is not a sham; it does not transform a hopeful ask into a jurisdictional fact.

A demand represents the opposing party's opening bid in a negotiation, which is often quite different from a realistic assessment of damages. Unless the demand is supported by underlying facts—concrete evidence of medical

8

expenses, lost wages, or expert estimates—it remains nothing more than an unverified assertion. That is why courts have near uniformly rejected the position Tractor Supply takes here. To hold otherwise would be to grant federal jurisdiction based on nothing more than a plaintiff's initial asking price—a figure that is often untethered from the actual value of the claim. *See, e.g.*, *Nieter*, 2025 WL 746064, at *1; *Salguero v. Wal-Mart Stores E., L.P.*, No. 3:24-CV-515-TJC-PDB, 2024 WL 5242216, at *2 (M.D. Fla. Dec. 30, 2024); *Brooks v. Sears, Roebuck & Co.*, No. 618CV554ORL37DCI, 2018 WL 3758316, at *1 (M.D. Fla. May 7, 2018).

To make matters worse, Tractor Supply admits that a proposal for settlement "does not require supporting evidence." (Doc. 9 at 18.) Precisely so. It is an ipse dixit—an assertion without proof. To bootstrap federal jurisdiction on a document that itself lacks evidentiary support is to build a house on sand. One struggles to comprehend how Tractor Supply could believe such a hollow argument would withstand even the gentlest breeze of judicial scrutiny. A settlement offer is not a proxy for proof; it is a proposal. And without evidence to back it up, it cannot carry the heavy burden of establishing subject-matter jurisdiction.

### III.  Conclusion

Faced with a straightforward inquiry into the jurisdictional facts, Tractor Supply chose not to answer the question, but to dispute the Court's

right to ask it. Nearly the entire brief is dedicated to so-called errors that have no basis in law or fact. Federal jurisdiction requires more than confident assertions and a lecture on statutory interpretation; it requires evidence. Because Tractor Supply has offered only the former, it has failed to carry its burden. This Court will not exercise power it has not been proven to possess. Accordingly, the Clerk is **DIRECTED** to **REMAND** this case to state court by transmitting a certified copy of this Order to the Clerk for the Twentieth Judicial Circuit in and for Hendry County, Florida. The state-court case was previously captioned 25000425CAAXMX. Following remand, the Clerk is directed to deny all pending motions and close the case.

 **ORDERED** in Fort Myers, Florida on February 4, 2026.

Kyle C. Dudek
United States District Judge

10